Jane DOE, Individually and on behalf of others similarly situated; Jacob B. Adams, M.D.; Lawrence D. Baker, M.D.; Charles Butler, M.D.; Joel S. Engel, M.D.; James M. Freemont, M.D.; Steven Gordon, M.D.; Otis T. Hammonds, M.D.; Henry S. Kahn, M.D.; William Mason, M.D.; Harold W. Pitts, M.D.; Edwin Portman, M.D.; Joseph Randall, M.D.; and Gerald Rehert, M.D., Individually and on behalf of others similarly situated; Atlanta Center for Reproductive Health, Inc.; Atlanta Women's Medical Center, Inc.; and Feminist Women's Health Center, Inc., Plaintiffs,

v.

George D. BUSBEE, Governor of the State of Georgia; Richard Millsap, Director of Fiscal Division of the Georgia Department of Administrative Services; David B. Poythress, Commissioner of the Georgia Department of Medical Assistance; Board of Medical Assistance for the State of Georgia; and James E. Barnett, D. Jack Davis, Vivian P. Hartman, and Ronald Tigner, Individually and in their capacities as members of the Board of Medical Assistance for the State of Georgia; and Arthur K. Bolton, Attorney General of the State of Georgia, Defendants.

Civ. A. No. C79–786A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 7, 1979.

Elizabeth J. Appley, Margie Pitts Hames, Hames, Oakley & Appley, Atlanta, Ga., for plaintiffs.

L. Joseph Shaheen, Staff Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., State Law Dept., Atlanta, Ga., for defendants.

Ferdinand Buckley, Greene, Buckley, DeRieux & Jones, Atlanta, Ga., for amicus curiae.

## ORDER

HAROLD L. MURPHY, District Judge.

This is a civil action to obtain declaratory and injunctive relief brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Social Security Act, 42 U.S.C. § 1396 *et seq.*, and the First, Fifth, Ninth and Fourteenth Amendments to the United

States Constitution.[1] On June 4, 1979, this Court entered an order granting the motion of the named plaintiffs, Jane Doe and Mary Roe, for preliminary injunctive relief from the enforcement of the rules promulgated by the Georgia Department of Medical Assistance restricting reimbursement to Medicaid enrollees for medically necessary abortions. On September 25, 1979, two classes of plaintiffs were certified.[2] Presently pending before the Court are the motion of the plaintiffs for summary judgment and the motion of the defendants for partial summary judgment. Memoranda submitted by proposed intervenors in opposition to plaintiffs' motion for summary judgment shall be considered by the Court only insofar as they present arguments appropriate to an *amicus curiae.*

The basis of plaintiffs' statutory claims[3] is that the rules promulgated by the Georgia Department of Medical Assistance with respect to reimbursement for abortions are inconsistent with the requirements of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* The defendants oppose plaintiffs' claim by arguing that Title XIX does not require the provision of all forms of medical assistance deemed "medically necessary" by the recipient's physician and that Title XIX, as amended by the Hyde Amendment, does not require reimbursement by the defendants for all "medically necessary" abortions.

The defendants are correct in the proposition that Title XIX does not require the provision of all forms of medical assistance deemed "medically necessary" by the recipient's physician. However, Title XIX does require as a minimum the provision of five categories of medical services to the categorically needy: in-patient hospital services out-patient hospital services; other laboratory and x-ray services; skilled nursing, early and periodic diagnosis and screening, and family planning services; and physicians' services. 42 U.S.C. § 1396a(a)(13)(B). While states are allowed considerable flexibility in fashioning their individual medical assistance plans this Court has found that this flexibility only comes into play after certain minimum provisions are made. *Doe v. Busbee,* 471 F.Supp. 1326 (N.D. Ga.1979). The question directly facing the Court in the instant action is whether or not Georgia's Plan for Medical Assistance meets these minimum provisions where it denies reimbursement for some medically necessary abortions. In granting preliminary injunctive relief to the plaintiffs in this action, the Court found a substantial likelihood that plaintiffs would prevail on the merits with respect to this issue. The Court now finds that plaintiffs do indeed prevail for the reasons set out in the Court's Order of June 4, 1979. *Doe v. Busbee,* 471 F.Supp. 1326 (N.D. Ga.1979). The defendants have presented no compelling arguments or authorities to the contrary. Indeed, the defendants have proffered substantially the same arguments and authorities as were dealt with in the Court's previous order. It is therefore unnecessary to address the issues again in any great detail.

1. These allegations of Constitutional violations sufficiently distinguish the instant action from *Chapman v. Houston Welfare Rights Organization* and *Gonzales v. Young,* 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), so as to preclude any jurisdictional challenge based on the decision in those cases.

2. The two classes certified were as follows:
 (1) the class of women who are present or future Georgia resident Medicaid enrollees who are now, or who may become, pregnant and who have decided, or who may decide, with their physicians to have an abortion and for whom an abortion is medically necessary, but is not necessary to prevent death or severe longlasting consequences for their physical health, or where pregnancy did not result from rape or incest; and
 (2) the class of all physicians and Medicaid providers certified by Georgia's Department of Medical Assistance to obtain reimbursement for the provision of medically necessary services to persons eligible for benefits under the Georgia Medical Assistance Program and who will perform medically necessary abortions for the plaintiff class of women in accordance with the exercise of their best medical judgment.

3. Where there exists adequate statutory grounds for the disposition of a claim, it is unnecessary to address the Constitutional claims presented by the parties. *See Hagans v. Levine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

This action was brought on the premise that medically necessary abortions fall within the categories of services which must, as a minimum, be provided as part of Georgia's Plan for Medical Assistance in order for that plan to be in accord with Title XIX and the regulations properly promulgated thereunder. It is undisputed that abortion is a medical service which falls within those categories of services which must be provided for within any state plan for medical assistance. The issue here is the extent to which the reimbursement for abortions may be restricted.

It is clear that Title XIX does not require reimbursement for nontherapeutic abortions. *Beal v. Doe*, 432 U.S. 438, 97 S.Ct. 2366, 53 L.Ed.2d 464 (1977). Even so, the Supreme Court has not directly faced the issue of whether or not Title XIX requires reimbursement for all medically necessary abortions.[4] However, the Court is not without guidance in resolving this question.

The United States Department of Health, Education and Welfare has promulgated regulations pursuant to Title XIX which implement those portions of Title XIX pertinent to this action. 42 C.F.R. § 440.200 *et seq.* In the section setting forth the requisite amount, duration and scope of a medical service provided under a state plan for medical assistance, the regulations read as follows:

(c)(1) The medicaid agency [referring to the State's agency for administering the State's plan for medical assistance] may not deny or reduce the amount, duration or scope of a required service under § 440.210 and 440.220 [5] to an otherwise eligible recipient solely because of the diagnosis, type of illness, or condition.

(2) The agency may place appropriate limits on a service based on medical necessity or on utilization control procedures.

42 C.F.R. § 440.230(c)(1)(2).[6]

Georgia's rules restricting reimbursement for medically necessary abortions are inconsistent with these regulations. First, they amount to a denial or reduction of a required service to an otherwise eligible recipient solely because of that eligible recipient's condition. Second, they represent an inappropriate limitation by limiting a required service without regard to medical necessity or utilization control procedures.

 Abortion is a medical service which falls within one or more of the five categories of medical service which must, as a minimum, be provided under a state's plan for medical assistance. As such, the Court finds that abortion is a "required service" as that term is used in 42 C.F.R. § 440.230(c)(1). The restrictions on reimbursement for abortions contained in Georgia's rules, therefore, amount to a denial or reduction of a required service to an otherwise eligible recipient solely because of that eligible recipient's condition, *i. e.* pregnancy. *Preterm, Inc. v. Dukakis*, 591 F.2d 121 (1st Cir. 1979). Furthermore, these restrictions are not based on medical necessity or utilization control procedures. Indeed, no contention is made by the defendants in this action that the abortions sought by the plaintiffs were not medically necessary or presented utilization control problems. The defendants simply argue that they are not required to provide reimbursement for all medically necessary abortions. The Court finds that 42 C.F.R. § 440.230(c)(2) autho-

---

4. While it might be argued that "nontherapeutic" and "medically necessary" are not mutually exclusive terms, this precise issue was not raised in this action, nor does the Court find this issue to be one which must be resolved here. Indeed the Court doubts the justiciability of such an issue.

5. Section 440.210 requires that a "State plan must specify that, as a minimum, categorically needy recipients are provided the services as specified in §§ 440.10–440.50. These are the five categories of services previously discussed

which form the requisite nucleus of any State plan for medical assistance.

Section 440.220 sets forth the required services for the medically needy and is inapposite to the present discussion. (footnote by the Court)

6. Properly promulgated, substantive agency regulations have the "force and effect of law." *Chrysler Corp. v. Brown*, 441 U.S. 281, 295, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979).

**50**

rizes a State to limit the provision of required services but that it may not limit required services to less than those which are medically necessary. In specific terms, given that abortions are a medical service falling within the five categories of required services, a state is not required to provide nontherapeutic abortions, *Beal v. Doe*, 432 U.S. 438, 97 S.Ct. 2366, 53 L.Ed.2d 464 (1977), but it may not deny reimbursement for medically necessary abortions.

The defendants have reiterated their argument that the Georgia rules are not in conflict with Title XIX because the Hyde Amendment substantively altered Title XIX with respect to the funding of abortions. The Court finds the defendants' arguments and authorities unpersuasive and will maintain the position taken earlier on this point in the Court's order of June 4, 1979. *Doe v. Busbee*, 471 F.Supp. 1326 (N.D. Ga.1979).

■ There are no material facts in dispute in this action. The Court finds that the rules promulgated by Georgia's Department of Medical Assistance restricting reimbursement to Medicaid enrollees for medically necessary abortions are inconsistent with Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*, and that the plaintiff classes will suffer irreparable injury for which there is no adequate legal remedy if the defendants, their agents and employees, are not permanently enjoined from refusing to provide Medicaid reimbursement to the members of the plaintiff classes for the provision of all medically necessary abortions.

ACCORDINGLY, plaintiffs' motion for summary judgment is GRANTED and defendants' motion for partial summary judgment is DENIED. The rules of Georgia's Department of Medical Assistance restricting reimbursement for medically necessary abortions are invalid insofar as they are inconsistent with the requirements of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*, and the regulations promulgated thereunder. Title XIX and the regu-

lations promulgated thereunder require States to provide reimbursement to eligible persons for all medically necessary abortions as a condition to participation in the federal Medicaid program. The defendants, their agents and employees, are permanently enjoined from refusing to provide Medicaid reimbursement to the members of the plaintiff classes, as defined in this Court's order of September 25, 1979,[7] for the provision of all medically necessary abortions.